SUPERIOR COURT
OF THE
STATE OF DELAWARE

MEGHAN A. ADAMS
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0634

January 13, 2026

Caren L. Sydnor, Esq.
Morton, Valihura & Zerbato, LLC
3704 Kennett Pike, Suite 200
Greenville, DE 19807

Edward G. Richman, MD
2616 Longwood Drive
Wilmington, DE 19810

RE: Brandywood Plaza Associates, L.L.C. v. Edward G. Richman
C.A. No.: N23C-03-059 MAA

Dear Counsel and Dr. Richman,

This post-trial letter opinion resolves the dispute between plaintiff Brandywood Plaza Associates L.L.C. ("Brandywood") and defendant Edward G. Richman ("Richman"). The dispute concerns Richman's alleged breaches of a commercial lease. For the reasons that follow, the Court enters judgment in favor of Richman.

## FACTS AND PROCEDURAL HISTORY

In 1995, Brandywood and Dr. Harvey Salem ("Salem") entered into a commercial lease (the "Lease"), allowing Salem to rent a Brandywood-owned suite at 2500 Grubb Road (the "Rental Unit").[1] Upon Salem's retirement in 2004,

---

[1] D.I. 1 ["Complaint."] ¶ 1.

1

Richman's medical practice, Edward G. Richman, MD, LLC (Richman's LLC") began using the Rental Unit.[2]

No new lease was ever executed after Richman's LLC began using the space.[3] Brandywood stopped receiving payments from Richman's LLC for the Rental Unit in May 2020, with at least one exception in 2022.[4] On January 19, 2023, Brandywood sent Richman a demand letter.[5] Brandywood communicated it believed Richman was in breach of the Lease for failure to make rental payments.[6] Brandywood also informed Richman he was to vacate the Rental Unit by January 31, 2023.[7] No payments were made after the demand letter.[8]

On March 7, 2023, Brandywood commenced this action against Richman, asserting claims for breach of contract and unjust enrichment.[9] Richman answered the Complaint on May 19, 2023, asserting nine affirmative defenses.[10] Counsel for Richman later withdrew, and after failing to secure new counsel, Richman proceeded

---

[2] Tr. 21:1-3.
[3] *Id.* ¶ 3; Tr. 14:10-13, 39:20-40:7.
[4] D.I. 39 ["Pretrial Stip."] at 3.
[5] Tr. 31:12-21; PX01.
[6] Tr. 31:12-21; PX01.
[7] Tr. 31:12-21; PX01.
[8] PX02.
[9] Complaint.
[10] D.I. 7 ["Answer"] ¶¶ 22-30.

*pro se*.[11]  The Court held a bench trial on October 6, 2025.[12]  During trial, the following witnesses testified:

- Deborah Beideman, Financial and Consulting Services (owner of Brandywood Plaza)

- Edward G. Richman.

## STANDARD OF REVIEW

In a civil trial, a party bears the burden of proving its claims by a preponderance of the evidence.[13]  Proof by a preponderance of the evidence means "proof that something is more likely than not."[14]  If the evidence presented by the parties "is inconsistent, and the opposing weight of the evidence is evenly balanced, then 'the party seeking to present a preponderance of the evidence has failed to meet its burden.'"[15]

In a bench trial, the judge is the fact finder.[16]  The judge "must assess the credibility of each witness and determine the weight given to the testimony."[17]  To

---

[11] D.I. 28 ["Motion to Withdraw as Counsel"]; D.I. 33 ["Order Granting Motion to Withdraw"].

[12] D.I. 48 ["Trial Worksheet"].

[13] *See*, *e.g.*, *Navient Sols., LLC v. BPG Off. P'rs XIII Iron Hill LLC*, 2023 WL 3120644, at *10 (Del. Super. Apr. 27, 2023) (citation omitted).

[14] *Feenix Payment Sys., LLC v. Blum*, 2024 WL 2768386, at *10 (Del. Super. May 29, 2024).

[15] *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 545 (Del. Super. 2005) (quoting *Eskridge v. Voshell*, 593 A.2d 589 (Del. 1991) (TABLE)).

[16] *See*, *e.g.*, *Shallcross Mortg. Co. v. Ewing*, 2024 WL 3738713 at *1 (Del. Super. Aug. 9, 2024) (citation omitted).

[17] *Williams v. Bay City, Inc.*, 2009 WL 5852851, at *1 (Del. Super. Dec. 23, 2009) (citation omitted).

3

reach a verdict on the issues, the court considers all exhibits, live and deposition witnesses, the parties' arguments, and the applicable Delaware law.[18]

The court can consider "each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony."[19] After reviewing all the evidence presented, the court in its discretion as the fact finder is "free to accept or reject any or all of the sworn testimony."[20]

## DISCUSSION

**A. Brandywood failed to prove the existence of a binding agreement between Brandywood and Richman.**

A breach of contract claim has three elements:

> [T]he plaintiff must establish: (1) the existence of a contract; (2) that the defendant breached an obligation imposed by the contract; and (3) resulting damages to the plaintiff. As a default rule, damages are based on the reasonable expectation of the parties at the time they entered their contract. Expectation damages are measured by the amount of money that would place the non-breaching party in the same position as if the breaching party had fully performed the contract.[21]

---

[18] *See*, *e.g.*, *Outbox Sys.*, *Inc. v. Trimble, Inc.*, 2024 WL 1886089, at *7 (Del. Super. Apr. 30, 2024).
[19] *Zenith Energy Terminals Joliet Hldgs. LLC v. CenterPoint Props. Tr.*, 2024 WL 3570165, at *3 (Del. Super. July 29, 2024) (citation omitted).
[20] *Pardo v. State*, 160 A.3d 1136, 1150 (Del. 2017).
[21] *Mullin v. Ascetta*, 2021 WL 4272063, at *2 (Del. Super. Sept. 20, 2021) (citing *Richard G. Frunzi v. Paoli Servs., Inc.*, 2012 WL 2691164, at *8 (Del. Super. 2012)).

During trial, Brandywood did not present any evidence that Brandywood and Richman ever entered a lease, contract, or other binding agreement. Nonetheless, Brandywood presented two theories for how the Parties entered a binding agreement: (1) Richman was assigned Salem's Lease; or (2) Richman made payments in response to rent-increase letters.[22] Brandywood failed to prove either of these theories by a preponderance of the evidence. Brandywood's theories therefore fail to establish the first element of its breach-of-contract claim.

1. *Brandywood failed to provide sufficient evidence that a valid lease assignment occurred between Salem and Richman.*

At trial, Brandywood argued Salem assigned the Lease to Richman and Richman is therefore bound to the Lease's terms.[23] Brandywood offered two pieces of evidence to support its argument – the testimony of Deborah Beideman ("Beideman")[24] and a letter from December 2000 outlining division of the Rental Unit space and rental rate increases.[25]

Beideman is a lease preparer employed by the company who manages the 2500 Grubb Road property.[26] Beideman testified "[her] understanding was [Richman] took over Dr. Salem's practice at [the Rental Unit]" following Salem's

---

[22] Tr. 10:16-23.
[23] Tr. 85:20-22.
[24] Tr. 78:12-14.
[25] Tr. 44:6-12.
[26] Tr. 16:7-16.

retirement.[27] At no point in her testimony, however, did Biedeman indicate she had any knowledge about Lease agreements or conversations between Salem and Richman.[28]

The December 2000 letter is addressed to Richman in his personal capacity.[29] The letter first outlines how the Rental Unit space will be divided between Richman and another doctor.[30] The letter then explains rental rates are being raised and will remain at a fixed rate for a three-year term.[31] Finally, the letter requests a lease be executed by the end of the year.[32] Notably, no lease was ever executed.

Neither piece of evidence convinces the Court that a valid lease assignment occurred between Salem and Richman. Biedeman is an interested party with no personal knowledge of what occurred between Salem and Richman upon Salem's retirement. Nothing about the December 2000 letter suggests Richman assented to a purported assignment, especially because the letter is dated several years before Brandywood claims the Lease assignment occurred.[33] The Court therefore finds Brandywood cannot establish the existence of a binding agreement between itself and Richman through a lease assignment from Salem.

---

[27] Tr. 20:22-21:3.
[28] Tr. 16:5-40:13.
[29] PX07.
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] In its complaint, Brandywood alleged that the purported assignment between Salem and Richman occurred in 2004 upon Salem's retirement. Complaint ¶ 2.

2. *Brandywood failed to prove Richman assented to a binding agreement with Brandywood by making payments in response to rent-increase letters.*

Brandywood also argued at trial that, in the alternative to a lease assignment, Richman entered a binding agreement with Brandywood by making payments in response to rent-increase letters.[34] Brandywood again offered two pieces of evidence to support its alternative argument – six rent-increase letters sent to Richman between 2004-2019 and four checks purportedly paid in response to these letters.[35]

The six letters are addressed to Richman in his personal capacity and inform Richman of the rent increases for the Rental Unit in 2004, 2005, 2009, 2011, 2014, and 2019.[36] The four checks are signed by "Edward G. Richman MD" and list payment amounts identical to those found in rent-increase letters corresponding to the check payment years.[37] Three of the checks include "Suite A" in Richman's provided address. These checks ranged from the years 2005-2022.[38]

This evidence is also insufficient to establish a binding agreement existed between Brandywood and Richman. While payments in compliance with letters could be evidence of assent to letter terms, the Court is not convinced such payments show Richman's assent in his personal capacity. Rather, the evidence suggests the

---

[34] Tr. 10:16-23, 86:15-87:7.
[35] Tr. 86:15-87:7; PX05; PX06.
[36] PX05.
[37] PX05; PX06.
[38] PX06.

7

opposite: that payments were made on behalf of Richman's LLC rather than Richman in his personal capacity.

Three of the checks include "Suite A" in the address directly under Richman's name.[39] During his testimony, Richman clarified his personal residence is 2616 Longwood Dr., but that same address with "Suite A" is "the corporate address for Edward G. Richman MD LLC."[40] Brandywood asserted Richman signed these checks in his personal capacity but never addressed the contradiction of the checks listing the address for Richman's LLC.[41]

While one provided check from 2006 fails to contain "Suite A" in the address,[42] Richmond testified this check was distinct from the others because "[t]he practice opened a business account with American Express."[43] Brandywood was unable to produce documentary evidence or testimony on cross examination that refuted this claim.[44] Brandywood also produced no evidence to demonstrate any provided checks were paid from Richman's personal account.

---

[39] *Id.*

[40] Tr. 73:17-74:1.

[41] Tr. 78:22-79:3.

[42] PX06.

[43] Tr. 73:1-5.

[44] Tr. 74:14-20. Richman also credibly testified at trial that although he personally signed the checks to Brandywood, that he did so as a "single owner" of the LLC. *Id.* 69:22-70:5. Ms. Beideman testified, without factual support, that "[t]here isn't anything that says it's a business, just Dr. Edward G. Richman MD on all of them." *Id.* 27:12-15. This also contradicts Richman's unchallenged testimony that he was the single owner of Richman LLC and signed the checks as such. The Court credits Richman, who has personal knowledge of the capacity in which he signed the checks, over Beideman.

Based on the evidence at trial, the Court finds no agreement was created between the Parties when payments were made in response to rent-increase letters. Because Brandywood provided no rebuttal to existing representations of business capacity, Brandywood cannot establish the existence of a binding agreement between itself and Richman through rent-increase letters and corresponding payments.

## B.  Brandywood's unjust enrichment claim fails.

An unjust enrichment claim has four elements:

> [The] plaintiff must [establish]: (1) an enrichment[;] (2) an impoverishment[;] (3) a relation between the enrichment and the impoverishment[;] and (4) the absence of justification.[45]

All elements of a claim must be proven by a preponderance of the evidence, including the plaintiff's damages.[46]

As a preliminary matter, Brandywood brought its unjust enrichment claim against the wrong party.  Brandywood wishes for the Court to focus on Richman's representations towards Brandywood, but it is a *Brandywood representation toward Richman* that is far more dispositive for its unjust enrichment claim.[47]  This

---

[45] *Matrix Parent, Inc. v. Audax Mgmt. Co., LLC*, 319 A.3d 909, 945 (Del. Super. 2024) (citing *Chumash Cap. Invs., LLC v. Grand Mesa P'rs*, LLC, 2024 WL 1554184, at *14 (Del. Super. April 10, 2024)).
[46] *See, e.g., Outbox Sys.,* 2024 WL 1886089, at *14.
[47] Tr. 35:19-23.

representation is found on the last page of the "new lease" sent to Richman on January 15, 2007 (the "2007 Lease").[48]

The signature line of the 2007 Lease – explicitly marked for the lessee – unambiguously reads "Edward. G. Richman, MD, LLC Family Practice."[49] Beideman admitted to preparing the document but also communicated she "thought [Richman was] an individual."[50] This testimony is inapposite and unconvincing. The signature line proves Brandywood knew of Richman's LLC in 2007. The 2007 Lease's signature line also serves as documentary evidence that Brandywood viewed Richman's LLC as its lessee, not Richman in his personal capacity.

Because Brandywood sued Richman, rather than Richman's LLC, Brandywood also cannot prove a relation between the enrichment and the impoverishment. If anything, Richman's LLC – and not Richman – received a direct enrichment from operating in the Brandywood Rental Unit without paying rent in exchange. Richman may have benefited from this enrichment in his personal capacity, but these indirect benefits should not be conflated with the enrichment Richman's LLC experienced. Richman's LLC had a direct relationship with Brandywood, not Richman in his personal capacity. Brandywood's claims therefore must reflect this relationship.

---

[48] PX03.

[49] *Id.*

[50] Tr. 35:19-36:6.

## CONCLUSION

Brandywood has not proven all the elements for breach of contract or unjust enrichment by a preponderance of the evidence.  Judgment is entered in Richman's favor.

**IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

MAA/ls

cc:     Prothonotary
*Via U.S. Mail, Electronic Mail & Electronic Filing*